1

2

3

4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2021

SEAN F. McAVOY, CLERK

5

6            UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF WASHINGTON

7

8    MARTHA V.,

9        Plaintiff,                          No. 1:19-CV-03068-RHW

    v.                                       **ORDER GRANTING IN PART
10                                           PLAINTIFF'S MOTION FOR
                                             SUMMARY JUDGMENT AND
    ANDREW SAUL,                             REMANDING FOR ADDITIONAL
11   COMMISSIONER OF SOCIAL                   PROCEEDINGS**
    SECURITY,
12
        Defendant.                           **(ECF Nos. 11 & 12)**
13

14

15        Before the Court are the parties' cross-motions for summary judgment, ECF

16   Nos. 11 & 12. Plaintiff brings this action seeking judicial review of the

17   Commissioner's final decision denying her application for Disability Insurance

18   Benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433.

19   *See* Administrative Record ("AR") at 1-3, 15-28. After reviewing the

20   administrative record and briefs filed by the parties, the Court is now fully

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 1

informed. For the reasons set forth below, the Court **DENIES** Defendant's Motion

for Summary Judgment and **GRANTS IN PART** Plaintiff's Motion for Summary

Judgment, and remands for further proceedings as set forth in this decision.

## I.    JURISDICTION

Plaintiff filed her application for Disability Insurance Benefits on September

23, 2015. AR 15. She alleged a disability onset date of July 17, 2015. *Id*. Plaintiff's

application was initially denied on November 16, 2015, (AR 77-84), and her

request for reconsideration was denied on February 18, 2016 (AR 97-98).

Administrative Law Judge ("ALJ") Laura Valente held a hearing on April 5,

2018 and heard testimony from Plaintiff and vocational expert Michael Swanson.

AR 39-73. On April 25, 2018, the ALJ issued a decision finding Plaintiff ineligible

for disability benefits. AR 15-27. The Appeals Council denied Plaintiff's request

for review on February 13, 2019. AR 1-3. Plaintiff, through counsel, sought

judicial review by this Court on April 11, 2019. ECF No. 1, at 3. Under 42 U.S.C.

§ 405(g), Plaintiff's claims are properly before this Court.

## II.    SEQUENTIAL EVALUATION PROCESS

The Act defines disability as the "inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 2

1    expected to last for a continuous period of not less than twelve months." 42 U.S.C.

2    § 423(d)(1)(A).

3         The Commissioner has established a five-step sequential evaluation process

4    for determining whether a claimant is disabled within the meaning of the Act. 20

5    C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir.

6    2006).

7         At step one, the Commissioner considers the claimant's work activity. 20

8    C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful

9    activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R.

10   § 416.920(b).

11        If the claimant is not engaged in substantial gainful activity, the analysis

12   proceeds to step two. At this step, the Commissioner considers the severity of the

13   claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from

14   "any impairment or combination of impairments which significantly limits [his or

15   her] physical or mental ability to do basic work activities," the analysis proceeds to

16   step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy

17   this severity threshold, however, the Commissioner must find that the claimant is

18   not disabled. 20 C.F.R. § 416.920(c).

19        At step three, the Commissioner compares the claimant's impairment to

20   severe impairments recognized by the Commissioner to be so severe as to preclude

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 3

1    a person from engaging in substantial gainful activity. 20 C.F.R.

2    § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the

3    enumerated impairments, the Commissioner must find the claimant disabled and

4    award benefits. 20 C.F.R. § 416.920(d).

5        If the severity of the claimant's impairment does not meet or exceed the

6    severity of the enumerated impairments, the Commissioner must pause to assess

7    the claimant's residual functional capacity ("RFC"), defined generally as the

8    claimant's ability to perform physical and mental work activities on a sustained

9    basis despite his or her limitations. 20 C.F.R. § 416.945(a)(1).

10        At step four, the Commissioner considers whether, in view of the claimant's

11    RFC, the claimant is capable of performing work that he or she has performed in

12    the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is

13    capable of performing past relevant work, the Commissioner must find that the

14    claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of

15    performing such work, the analysis proceeds to step five.

16        At step five, the Commissioner should conclude whether, in view of the

17    claimant's RFC, the claimant is capable of performing other work in the national

18    economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the

19    Commissioner must also consider vocational factors such as the claimant's age,

20    education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 4

1   is capable of adjusting to other work, the Commissioner must find that the claimant

2   is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of

3   adjusting to other work, the analysis concludes with a finding that the claimant is

4   disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

5       In steps one through four, the burden of proof rests upon the claimant to

6   establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*,

7   180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant

8   establishes that physical or mental impairments prevent her from engaging in her

9   previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in

10  her previous occupations, the ALJ proceeds to step five and the burden shifts to the

11  Commissioner to demonstrate that (1) the claimant is capable of performing other

12  work; and (2) such work exists in "significant numbers in the national economy."

13  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir.

14  2012).

15              **III.    STANDARD OF REVIEW**

16      A district court's review of a final decision of the Commissioner is governed

17  by 42 U.S.C. § 405(g). The scope of review under Section 405(g) is limited, and

18  the Commissioner's decision will be disturbed "only if it is not supported by

19  substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

20  1158-59 (9th Cir. 2012). Substantial evidence means "'more than a mere scintilla

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 5

1    but less than a preponderance; it is such relevant evidence as a reasonable mind

2    might accept as adequate to support a conclusion.'" *Sandgathe v. Chater*, 108 F.3d

3    978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

4    1995)). In determining whether the Commissioner's findings are supported by

5    substantial evidence, "a reviewing court must consider the entire record as a whole

6    and may not affirm simply by isolating a specific quantum of supporting

7    evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting

8    *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

9        In reviewing a denial of benefits, a district court may not substitute its

10    judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

11    1992). If the evidence in the record "is susceptible to more than one rational

12    interpretation, [the court] must uphold the ALJ's findings if they are supported by

13    inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104,

14    1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

15    2002). Moreover, a district court "may not reverse an ALJ's decision on account of

16    an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it

17    is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115.

18    The burden of showing that an error is harmful generally falls upon the party

19    appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

20

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 6

1

## IV.    STATEMENT OF FACTS

2        The facts of the case are set forth in detail in the transcript of proceedings

3   and only briefly summarized here.  Plaintiff was 39 years old on the alleged

4   disability onset date. AR 27. She completed four years of college and is able to

5   communicate in English. AR 27, 229. Plaintiff has past relevant work as a legal

6   assistant and lab technician. AR 27, 216.

7        Plaintiff suffers from systemic lupus erythematosus ("lupus" or "SLE"),

8   which the ALJ found to be a severe impairment. AR 15. Plaintiff was diagnosed

9   with lupus in 2006 when she developed a malar rash, joint pain, and aphthous

10  ulcers. AR 628. The State agency medical consultant confirmed the diagnosis of

11  lupus and considered it a severe impairment. AR 15-16. Plaintiff also filed her

12  disability claim based on the following conditions: fibromyalgia, lumbar fusion

13  surgery, bilateral carpel tunnel syndrome, and bilateral ulnar nerve compression

14  syndrome. AR 86.

15

## V.    THE ALJ'S FINDINGS

16       The ALJ determined that Plaintiff has not been under a disability within the

17  meaning of the Act at any time from July 17, 2015, the date of Plaintiff's alleged

18  disability onset, through May 10, 2018, the date the ALJ issued her decision. AR

19  15-28.

20

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 7

**At step one**, the ALJ found that Plaintiff meets the insured status requirements of the Act through December 31, 2020, and that she has not engaged in substantial gainful activity since the alleged disability onset date. (citing 20 C.F.R. §§ 404.1571 *et seq.*). AR 18.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: "degenerative disc disease, connective tissue disease, carpal tunnel syndrome, systemic lupus erythematosus, endometriosis, and left upper extremity AC joint separation." AR 18.

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of the listed impairments in 20 C.F.R. Section 404, Subpart P, Appendix 1. AR 21. The ALJ found that Plaintiff's reported asthma is not a severe impairment and does not cause significant limitation in her ability to perform basic, work-related activities. AR 18. Similarly, the ALJ found that Plaintiff's reported fibromyalgia does not constitute a medically determinable impairment because the record evidence with respect to this condition does not meet the necessary criteria. AR 19. Plaintiff's other impairments listed as "problems" were not found to be severe impairments by the ALJ. AR 19. The ALJ also found that Plaintiff's SLE did not meet the listing requirement under Listing 14.02 of Title 20 of the Code of Federal Regulations, Subpart P, Appendix 1. AR 21. The ALJ found that Plaintiff's SLE

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 8

does not involve two or more organs or bodily systems with at least one being

involved at least to a moderate level of severity; nor does she exhibit at least two of

the constitutional symptoms of SLE. *Id.* The ALJ found that the medical evidence

demonstrated that Plaintiff's lupus was well controlled with medication. *Id.*

### a. Mental Impairments

The ALJ afforded significant weight to Morgan Liddell, M.D., a psychiatric

consultative examiner, and Vincent Gollogly, Ph.D, a State agency psychological

consultant. AR 19-20. From their reports and Plaintiff's subjective complaints

about her mental health, the ALJ found that her mental impairments of "major

depressive disorder, generalized anxiety disorder, and somatic symptoms disorder"

cause only minimal limitation on her ability to perform basic mental work and are

therefore "nonsevere." AR 20.

**At step four**, the ALJ found that Plaintiff has the RFC to perform light

work, as defined in 20 C.F.R. § 404.1567(b), with some exceptions. AR 21.

Plaintiff can lift and carry twenty pounds occasionally and ten pounds frequently.

*Id.* She can sit for six hours out of an eight-hour workday but requires frequent

changes of position lasting only a few seconds. *Id.* Similarly, standing and walking

can be performed six hours combined in an eight-hour workday. *Id.* The ALJ found

1    she can occasionally push and pull with the right lower[1] extremity, such as

2    operation of foot pedals. *Id.* She cannot climb ladders, ropes, or scaffolds. *Id.* She

3    must avoid concentrated exposure to extreme cold and heat, vibrations, pulmonary

4    irritants, and hazards such as heights and dangerous moving machinery. *Id.*

5        The ALJ found that Plaintiff is capable of performing past relevant work as a

6    lab technician and a legal assistant. AR 26. Such work would not require the

7    performance of tasks precluded by Plaintiff's RFC. *Id.*

8        The ALJ alternatively determined at step five of the sequential evaluation

9    process that in light of Plaintiff's age, education, work experience, and RFC, there

10   are jobs that exist in significant numbers in the national economy that she can

11   perform. AR 27. These include mail room clerk, office helper, and storage facility

12   rental clerk. AR 28.

13       Accordingly, the ALJ concluded that Plaintiff has not been under a disability

14   for the relevant period. *Id.*

15                        **VI.    ISSUES FOR REVIEW**

16       Plaintiff argues that the Commissioner legally erred and the decision was not

17   supported by substantial evidence. Specifically, she argues the ALJ reversibly

18   erred by: (1) concluding that the severity of her SLE does not meet Listing 14.02A;

19   _____

20   [1] The ALJ erroneously stated "upper extremity" when finding that Plaintiff can use
     foot pedals, and the Court assumes the ALJ meant "lower extremity" in this
     context. AR 21.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 10

(2) failing to provide specific, clear, and convincing reasons to discredit Plaintiff's testimony; (3) discounting the lay witness statements of Plaintiff's husband and her former employer; and (4) failing to fully and fairly develop the record by declining to order a physical consultative examination or medical interrogatories regarding Plaintiff's physical impairments. ECF No. 11 at 1.

## VII. DISCUSSION

**A. It is unclear from the record and the ALJ's explanation whether Plaintiff's systemic lupus erythematosus (SLE) meets the severity of Listing 14.02A.**

Listing 14.02A, SLE, is met where the individual's lupus involves "two or more organs/body systems," with "[o]ne of the organs or body systems involved to at least a moderate level of severity;" and the claimant experiences "[a]t least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)." 20 C.F.R. Pt. 404 Subpt. P, App. 1, § 14.02.[2] Plaintiff

---

[2] Alternatively, the listing can be met if the claimant shows:

> Repeated manifestations of [lupus], with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
> 1. Limitation of activities of daily living.
> 2. Limitation in maintaining social functioning.
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

*Id.*

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 11

1   contends that her SLE affected her skin, mental functioning, and her immune

2   system, and her symptoms in these areas are at least moderately severe. ECF No.

3   11 at 5-6. Next, she contends that she consistently experiences the constitutional

4   symptoms of severe fatigue and malaise. *Id.* at 6. Plaintiff concedes that no treating

5   or examining medical source opined regarding the severity of her SLE or her

6   resulting functional limitations. ECF No. 13 (Reply Br.) at 3. Because the record

7   lacks a medical opinion as to the severity of Plaintiff's SLE and the resulting

8   impact on her ability to work, this Court remands to the ALJ for further

9   proceedings.

10        The record needs further development to determine if Plaintiff's SLE

11  renders her per se disabled. As for Plaintiff's contention that the SLE affects her

12  skin, the malar rash and photosensitivity are well-documented in Plaintiff's

13  medical records. Similarly, Plaintiff subjectively contends that her immunity is

14  severely compromised, AR 58, and that her mental functioning is impaired, AR 63.

15  Morgan Liddell, M.D., a psychiatric consultative examiner found that Plaintiff's

16  lupus did not render her incapable of performing work that she had done in the

17  past. AR 434–40. Dr. Liddell examined Plaintiff in February 2016 and noted that

18  Plaintiff complained of worsening mental health and symptoms of depression and

19  anxiety. *Id.* Although Dr. Liddell's exam confirmed that Plaintiff's mental

20  functioning was fully intact, it gave very little insight into the severity of Plaintiff's

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 12

impairments due to lupus other than to say that she reports lupus flares that result in joint swelling and sever pain. AR 436. In a disability determination explanation, Howard Platter, M.D., opined that the medical evidence demonstrated infrequent lupus flares which were specifically attributable to environmental changes from extreme heat and cold. AR 93. Dr. Platter did not examine Plaintiff, instead relying heavily on Dr. Liddell's psychological report. *See* AR 87-88. At the ALJ hearing, Plaintiff's counsel noted the disconnect between the focus of Dr. Liddell's exam and Plaintiff's underlying application of disability benefits based on lupus. AR 74-75. The ALJ declined Plaintiff's request to develop the record further. AR 75 (taking request under advisement); AR 15-16.

This Court cannot determine from the record evidence whether Plaintiff's lupus meets Listing 14.02A. The record demonstrates a claimant who has suffered from lupus for over 10 years and who self-reports that flare-ups occur monthly lasting from 7 to 15 days, during which time she is unable to complete daily tasks due to pain and discomfort. Her medical records confirm her lupus and her self-reporting of symptoms. What the medical records do not provide is a professional medical opinion as to the severity of her lupus which would identify whether her condition meets Listing 14.02A. The ALJ erred in ruling out the applicability of Listing 14.02A without further developing the record.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 13

On the present record, Plaintiff has clearly shown that the disease severely impacted her skin. And notably, skin and "immune system disorders (inflammatory arthritis)" are listed as body systems that can be commonly affected by SLE. 20 C.F.R. Pt. 404, Subpt. P, at App. 1, Listing 14.00.D.1.a. In addition, Listing 14.00 identifies the following potential constitutional symptoms: "neurologic (seizures) mental (anxiety, fluctuating cognition ('lupus fog'), mood disorders, organic brain syndrome, psychosis)." *Id.*

Because the ALJ's decision does not address any of the affected body systems or Plaintiff's alleged constitutional symptoms, this Court cannot determine why the ALJ found that Listing 14.02 was not met. This Court rejects the Defendant's contention that the ALJ's use of "[a]s explained below" in the decision makes clear why Listing 14.02A is not met. Furthermore, this Court will refrain from making such a determination sua sponte because the ALJ is in a better position to make these findings.

**B. The ALJ is instructed to reevaluate whether Plaintiff provided inconsistent statements after receiving additional medical opinion evidence.**

Next, Plaintiff argues that the ALJ erred by rejecting Plaintiff's symptom testimony without providing clear and convincing reasons for doing so. ECF No. 11 at 9. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 14

1    F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective

2    medical evidence of an underlying impairment or impairments that could

3    reasonably be expected to produce some degree of the symptoms alleged. *Id.*

4    Second, if the claimant meets this threshold, and there is no affirmative evidence

5    suggesting malingering, "the ALJ can reject the claimant's testimony about the

6    severity of [her] symptoms only by offering specific, clear, and convincing reasons

7    for doing so." *Id*. Questions of credibility on resolutions of conflict of testimony

8    are to be resolved by the ALJ. *Id.*

9         In weighing a claimant's credibility, the ALJ may consider many factors,

10   including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

11   reputation for lying, prior inconsistent statements concerning the symptoms, and

12   other testimony by the claimant that appears less than candid; (2) unexplained or

13   inadequately explained failure to seek treatment or to follow a prescribed course of

14   treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273,

15   1284 (9th Cir. 1996). When evidence reasonably supports either confirming or

16   reversing the ALJ's decision, the Court may not substitute its judgment for that of

17   the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

18        Here, the ALJ found that the medically determinable impairments could

19   reasonably be expected to produce the symptoms Plaintiff alleges; however, the

20   ALJ determined that Plaintiff's statements of intensity, persistence, and limiting

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 15

1  effects of the symptoms were not entirely consistent with the medical evidence and

2  other evidence in the record. AR 22.

### 1. **Inconsistency findings**

4  Dr. Liddell noted that Plaintiff "is willing to work in whatever setting would

5  be functionally possible [given] her physical limitations." AR 437. The ALJ

6  concluded that Plaintiff's subjective complaints of fatigue were inconsistent with

7  her filing for unemployment where she declared she was ready, willing and able to

8  perform similar work that she performed as a legal assistant. AR 25. However,

9  Plaintiff's former employer Darrell Smart stated that Plaintiff was terminated as a

10  legal assistant because of excessive absences due to her back surgery, lupus, and a

11  fibromyalgia-type condition. AR 320. He also noted that she suffered from mental

12  health issues that affected her concentration and attention to detail. AR 321. The

13  ALJ attributed Plaintiff's desire to find gainful employment as inconsistent with a

14  claim of total disability. AR 25. However, Plaintiff's distress from losing her job

15  and her receipt of unemployment benefits does not automatically render her

16  ineligible for disability benefits given her documented health conditions.

17  The ALJ found apparent inconsistencies between Plaintiff's testimony and

18  her statements to treating providers. AR 23. First, the ALJ found that her testimony

19  regarding serious side effects from prednisone contradicted her report that her

20  symptoms were "mild" at their worst. AR 27 (citing AR 524). The ALJ gleaned

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 16

this comment from an Emergency Room report where Plaintiff fainted in

December 2015 resulting in a concussion. AR 524. The report notes symptoms of

"double vision, incontinence, neck pain, seizure, tinnitus, weakness in extremities,

[and] generalized weakness." *Id.* "The patient has not experienced similar

symptoms in the past." *Id.* While this visit was specific to her black-out and

concussion, it does not appear to negate a generalized grievance that taking

steroidal medication for lupus flares has negative side effects. *See* AR 63 (*Plaintiff*

*Testimony*) ("[I]f my doctor prescribes Prednisone, it just kills me. Prednisone is

worse than . . . having the lupus. . . . it doesn't knock me out, but it just drains

me.").

Furthermore, the ALJ found that Plaintiff's allegations of seriously limiting

back pain are inconsistent with statements to treating providers. AR 23 (Citing AR

771). In the doctor visit referred to by the ALJ, Plaintiff was seen for a follow-up

for "abrupt onset of facial twitching" which resolved spontaneously. AR 771. This

report noted that her right-side sciatic pain previously resolved with lumbar spine

surgery and that she had not experienced any recurrence of back pain or radicular

pain. AR 771. Indeed, this seems inconsistent with Plaintiff's testimony that she

has debilitating back pain when bending over. *See* AR 57 (Plaintiff claiming that

she gets shooting pain in her back when bending to do the laundry). However, this

two-page medical report demonstrates ample evidence of chronic neuropathy and

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 17

1    ongoing treatment for lupus. AR 771-72. The Court is doubtful that showing

2    improvement due to her back surgery in this singular medical note serves to

3    discredit Plaintiff's testimony regarding ongoing back pain or other symptoms.

4          Next, the ALJ found Plaintiff to be inconsistent about her ability to walk,

5    highlighting Dr. Vani Bremjit's report in July 2017 that Plaintiff walks three miles

6    per day for exercise. AR 23 (citing AR 544). However, when Plaintiff testified, she

7    confirmed that she used to walk three miles per day but stopped due to pain on her

8    feet. AR 51-52. This testimony was consistent with the visit to Dr. Bremjit in July

9    2017 where she presented with "worsening pain and paresthesia[3] in the feet."

10         Furthermore, the ALJ found that Plaintiff's reported marijuana use was

11   inconsistent with Dr. Liddell's report. AR 25, 437. According to the ALJ, Plaintiff

12   testified that she does not use marijuana, but that she had a marijuana card to

13   obtain ointment that had little beneficial effect. AR 25. In Dr. Liddell's February

14   2016 report, Plaintiff acknowledged using 1-2 marijuana edibles for back pain, but

15   stated she had not used marijuana since July 2015. AR 437. Contrary to the ALJ's

16   finding, these two statements are not inconsistent. At her hearing, she

17   acknowledged that she previously had a medical marijuana card. AR 59. Plaintiff's

18

19   ─────────────────────

20   [3] Parethesia refers to a burning or prickling sensation that is usually felt in the hands, arms, legs, or feet. https://www.ninds.nih.gov/Disorders/All-Disorders/Paresthesia (last visited March 3, 2021).

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 18

1   denial of marijuana use at the April 2018 hearing was not inconsistent with her

2   statement to Dr. Liddell. *Compare* AR 59 *with* AR 437.

3        The Court makes these observations not to usurp the fact-finding role of the

4   ALJ. *See Tackett*, 180 F.3d at 1098 (when the evidence would reasonably support

5   more than one outcome, this Court shall not substitute its judgment for that of the

6   ALJ). Instead, the Court notes that without additional medical opinion evidence,

7   the ALJ's inconsistency findings may not meet the "clear and convincing reasons"

8   standard. *See Morgan*, 169 F.3d at 599. The Court need not decide whether the

9   ALJ erred in this regard in light of the decision to remand for additional

10  proceedings.

**VIII.  CONCLUSION**

12       For the reasons stated, the ALJ did not fully develop the record with respect

13  to the severity of Plaintiff's SLE.

14       The ALJ shall further develop the record by directing Plaintiff to undergo a

15  new consultative examination to assist the ALJ in assessing Plaintiff's functioning

16  during the relevant time period. The ALJ shall reassess Plaintiff's impairments and

17  functioning at step three of the sequential evaluation process and specifically

18  reexamine whether Plaintiff meets or equals Listing 14.02A. The ALJ shall

19  reevaluate Plaintiff's subjective complaints, formulate a new RFC determination,

20  and obtain supplemental testimony from a vocational expert, if necessary. Because

remand is ordered, the Court will not reach the remaining issues raised by Plaintiff.

With respect to consideration of lay testimony, the ALJ may reassess such

testimony in light of the developed record.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**

**IN PART** to the extent the Court remands for additional proceedings.

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

3. The Case is remanded to the ALJ for additional proceedings consistent

with this order.

4. Judgment shall be entered in favor of **Plaintiff** and the file shall be

**CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

Order, forward copies to counsel.

**DATED** this 15th day of March, 2021.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ~ 20